IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MORROW and VALERIE MORROW, on behalf of themselves and similarly situated employees, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. _____ |
| v. | : : | JURY TRIAL DEMANDED |
| COUNTY OF MONTGOMERY, PENNSYLVANIA, | : : : | |
| Defendant. | : : | |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiffs Thomas Morrow and Valerie Morrow ("Plaintiffs"), on behalf of themselves and similarly situated employees, bring this class/collective action lawsuit against Defendant County of Montgomery, Pennsylvania ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiffs' FLSA claim is asserted as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over Plaintiffs' PMWA claim is proper under 28 U.S.C. § 1367(a).

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff Thomas Morrow is an individual residing in Glenolden, PA.

5.      Plaintiff Valerie Morrow is an individual residing in Glenolden, PA.

6.      Plaintiffs are employees covered by the FLSA and the PMWA.

7.      Defendant is a municipal entity headquartered in Norristown, PA.

8.      Defendant is an employer covered by the FLSA and the PMWA.  *See* 29 U.S.C. §§ 203(d), 203(s)(1)(C); 43 P.S. § 333.103(g).

## FACTS

9.      Defendant owns and operates the Montgomery County Correctional Facility ("Facility"), located in Eagleville, PA.

10.     Since approximately June 2002, Plaintiff Thomas Morrow has been employed by Defendant as a correctional officer assigned to the Facility.

11.     From approximately June 2008 until approximately August 2012, Plaintiff Valerie Morrow was employed by Defendant as a correctional officer assigned to the Facility.

12.     Defendant pays Plaintiffs and other correctional officers on an hourly basis.

13.     Defendant classifies Plaintiffs and other correctional officers as non-exempt from the overtime pay provisions of the FLSA and PMWA.

14.     Defendant generally does not require or expect Plaintiffs or other correctional officers to record their actual work hours for timekeeping or payroll

purposes and makes no attempt to contemporaneously record such work hours.  In this regard, Defendant has ignored the recordkeeping requirements of the FLSA and PMWA. *See* 29 C.F.R. § 516.1, *et seq.*; 43 P.S. § 333.108.

15.    Defendant generally does not compensate Plaintiffs and other correctional officers based on their actual work hours.  Instead, Defendant continues to operate under a longstanding policy of generally paying Plaintiffs and other correctional officers based on the predetermined times associated with their scheduled shift.  For example, for much of her employment, Plaintiff Valerie Morrow often was scheduled to work the 6:00 am-2:00 pm shift, and, on such occasions, she  generally would be paid for eight hours regardless of the hours she actually worked.  As another example, Plaintiff Thomas Morrow often has been scheduled to work the 6:00 am-6:00 pm shift, and, on such occasions, generally has been paid for twelve hours regardless of the hours he actually worked.

16.    Defendant's above-described pay policy results in Plaintiffs and other correctional officers receiving no credit or compensation for time spent performing work activities prior to the beginning of the scheduled shift and after the conclusion of the scheduled shift.

17.    With respect to unpaid ***pre-shift*** work, Plaintiffs and other correctional officers are required to report for roll call promptly at the scheduled start of the shift. *See* Prison Policy and Procedure No. B-700 at § 705 ("all . . . correctional officers must report to the roll call room in full uniform, fit for duty, no later than the starting time of each shift."); *id.* at § 706 ("Roll Calls will begin promptly at the starting time of each shift.").  However, prior to reporting to roll call, Plaintiffs and other correctional officers must report to their designated lockers to obtain their keys (which may not leave the

Facility) and travel from the locker room to the roll call room (which requires obtaining clearance to pass through at least five secure doors).  This process generally takes 5-10 minutes per day.

18.     With respect to unpaid *post-shift* work, Plaintiffs and other correctional officers generally are required to continue working at their assigned posts during the time it takes for the incoming replacement officers to complete the incoming crew's roll-call meeting, travel from the roll-call room to the post, perform a mandatory inspection of the post, and complete various mandatory "pass-down" procedures.  After this process is complete, Plaintiff and other correctional officers must travel from the post to the locker room (which usually requires obtaining clearance to pass through several secure doors) and return their keys to their assigned locker.  Depending on the assigned post, this unpaid post-shift work can up to approximately 25 minutes per day.

19.     As a result of the above policies, Defendants generally fails to credit or compensate Plaintiffs and other correctional officers for the pre-shift and post-shift activities summarized in paragraphs 17-18 above.  As such, Defendant has willfully violated clearly applicable FLSA and PMWA provisions, as alleged in Counts I-II below.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring their FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> Every individual (other than office staff) who, during any workweek after February 27, 2010, was employed by Defendant, paid on an hourly basis, and assigned to the Montgomery County Correctional Facility.

21.     Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged herein, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22.     The class includes over 100 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records and are so numerous that joinder of all class members is impracticable.

23.     Plaintiffs are a class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

24.     Plaintiffs will fairly and adequately represent the class members and their interests, and they have retained competent and experienced counsel who will effectively represent the class members' interests.

25.     Questions of law and fact are common to all class members, since this action concerns the legality of Defendants' objectively ascertainable policy and practice of failing to compensate Plaintiffs and other class members for work activities.  The existence of this policy and practice will be demonstrated by an analysis of Defendant's standard operational, timekeeping, and payroll data and procedures, and the legality of this policy and practice will be determined through the resolution of generally applicable legal principles.

26.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27.     Class certification of Plaintiffs' FLSA claim is appropriate because

Plaintiffs and other class members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging FLSA Violations)

28.    All previous paragraphs are incorporated as though fully set forth herein.

29.    The FLSA requires that employees receive credit for all work hours, *see, e.g.*, 29 C.F.R. § 785.11, and receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 in a workweek, 29 U.S.C. § 207(a)(1).

30.    Defendant violated the FLSA by failing to pay Plaintiffs and the class members any compensation, including overtime premium compensation, for all of their work hours.

31.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and has committed a willful violation of the FLSA.

## COUNT II
### (Alleging PMWA Violations)

32.    All previous paragraphs are incorporated as though fully set forth herein.

33.    The PMWA requires that employees receive credit for all work hours, *see, e.g.*, 34 Pa. Code § 231.1(b) (defining "hours worked"), and receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 in a workweek, *see* 43 P.S. § 333.104(c).

34.    Defendants violated the PMWA by failing to pay Plaintiffs and the class members any compensation, including overtime premium compensation, for all of their work hours.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other class members, seek the following relief:

A.    An order permitting this action to proceed as a collective and class action;

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all class members apprising them of the pendency of this action and permitting them to join (or "opt-in" to) this action;

C.    Unpaid wages (including overtime wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D.    Liquidated damages to the fullest extent permitted under the FLSA;

E.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.

Date:  February 26, 2013

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491
Fax:  (215) 884-2492
Email: pwinebrake@winebrakelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS MORROW and VALERIE
MORROW, on behalf of themselves and
similarly situated employees,

                        Plaintiff,

     v.

COUNTY OF MONTGOMERY,
PENNSYLVANIA,

                        Defendant.

:
:
:
:   CIVIL ACTION
:
:
:
:
:
:
:
:
:
:

## <u>NOTICE OF CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), to

become a party plaintiff in the above-captioned action.

_____          _____
Signature                                                                    Date

                                            2/26/13

_____
Name (Please Print Neatly)