**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

THOMAS MORROW & VALERIE MORROW, *et al.*     :

                                          :     2:13-cv-01032-MSG

                Plaintiffs,     :

                                          :

COUNTY OF MONTGOMERY     :

                                          :

                Defendant.     :

---

**ORDER DETERMINING GOOD FAITH**
**AND APPROVING THE SETTLEMENT AGREEMENT**

      1.      This matter comes before the Court on the Motion of the Named Plaintiffs,

individually and on behalf of all Opt-In Plaintiffs (collectively "Plaintiffs"), by the undersigned

counsel ("Plaintiffs' Counsel"), for an order and judgment approving the Settlement Agreement

and Release ("Agreement") and dismissing with prejudice all claims asserted in this matter.  After

reviewing the Agreement and other related materials submitted by the Parties, and considering any

and all objections raised to the settlement, and otherwise being fully apprised of all the facts, the

Court  hereby enters the following Final Order and Judgment:

      2.      This Court has jurisdiction over the subject matter of this action and over all parties

to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C § 216(b), including all members of the

Settlement Collective, conditionally certified by Order dated January 31, 2014, and as defined as:

"All Present and Former Employees of the Montgomery County Correctional facility who worked

as a Correctional Officer during any time after February 1, 2011."

      3.      The Court hereby approves the Agreement and finds that the settlement is fair,

reasonable, and adequate to all members of the Settlement Collective.  The Court finds that

extensive  investigation, research and litigation has been conducted such that counsel for all parties

are able to evaluate their respective risks of further litigation, including the risk of decertification, additional costs and delay associated with further prosecution of this action. The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with the Court.

4.      Plaintiffs' Counsel should be awarded the amount of $138,059.00 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Plaintiffs' Counsel as specified in the Agreement. Such awards are to be paid from the Settlement Amount as specified in the Agreement.

5.      Enhancement Payments, which are to be paid from the Settlement Amount as specified in the Agreement, are approved for the following Named Plaintiffs who performed substantial services for the benefit of the Settlement Collective, in the following amounts:

| Name: | Amount: |
|---|---|
| Thomas Morrow | $2,000.00 |
| Valerie Morrow | $2,000.00 |

6.      The Court finds and determines that the payments to Plaintiffs, as provided in the Agreement, are fair, reasonable, and adequate, and gives approval to and orders that those payments be made to Plaintiffs in accordance with the Agreement.

7.      This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Plaintiffs based on or arising out of any acts, facts, transactions, occurrences, representations or omissions which are alleged, or which could have been alleged, in the Class/Collective Action Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

8.      All Plaintiffs are hereby barred and permanently enjoined from prosecuting,

2

commencing, or continuing any claims arising under any federal, state, or local law (including, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*) against any Released Party arising prior to the Approval Date that were or could have been asserted by or on behalf of Plaintiffs in the Civil Action, including but not limited to (i) any claims for regular and overtime wages allegedly owed due to Plaintiff's alleged pre-shift and post-shift work and (ii) any claims for allegedly unpaid overtime premium pay.

9.     The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

**BY THE COURT:**

The Honorable David R. Strawbridge

Dated: November 26, 2014